1 | Charles C.H. Wu, SBN 166756
Vikram M. Reddy, SBN 228515
2 | **CHARLES C.H. WU & ASSOCIATES, APC**
98 Discovery
3 | Irvine, California 92618-3105
Telephone: (949) 251-0111
4 |
Attorneys for plaintiff Hsiao & Montano, Inc.
5 | dba Odyssey Innovative Designs
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 |
11 | HSIAO & MONTANO, INC., a California
corporation, dba ODYSSEY INNOVATIVE
12 | DESIGNS,
13 |         Plaintiff,
          vs.
14 |
15 | XSTATIC PRO, INC., a New York
corporation d.b.a. XSTATIC PRO LIGHTING
16 | d.b.a. PRO X d.b.a. PROX d.b.a. PRO X
DIRECT d.b.a. PROX DIRECT d.b.a. PRO X
17 | CASES d.b.a. PROX CASES; GIBOR USA
d.b.a. GIBOR MENA, a business entity of
18 | unknown form; PEDRAM MONASHERI a.k.a.
19 | PEDRAM GABRIEL MONASHERI a.k.a.
MICHAEL MONASHERI,  an individual;
20 | SAM MANSHARY, an individual; GABRIEL
MENASHE a.k.a. GABI MENASHE a.k.a.
21 | GABRIEL MENA a.k.a. GABI MENA a.k.a.
GIBOR MENA, an individual; and DOES 1
22 | through 10, inclusive,
23 |
         Defendants.
24 |
25 |
26 |
27 |
28 |

CASE NO.

COMPLAINT FOR:

(1) FEDERAL TRADEMARK
    INFRINGEMENT
    (15 U.S.C. § 1114);

(2) FEDERAL UNFAIR
    COMPETITION
    (15 U.S.C. § 1125(a));

(3) FALSE DESIGNATION
    OF ORIGIN
    (15 U.S.C. § 1125(a));

(4) COPYRIGHT
    INFRINGEMENT
    (17 U.S.C. §§ 106, 501);

(5) UNFAIR COMPETITION
    UNDER CALIFORNIA
    BUSINESS AND
    PROFESSIONS CODE §
    17200, ET SEQ. AND
17500;

(6) TRADEMARK
    INFRINGEMENT
    UNDER STATE COMMON
    LAW

DEMAND FOR JURY TRIAL

- 1 -
**COMPLAINT**

COMES NOW Plaintiff HSIAO & MONTANO, INC., a California corporation, doing business as ODYSSEY INNOVATIVE DESIGNS, by its undersigned attorneys, hereby alleges against defendants XSTATIC PRO, INC., a New York corporation d.b.a. XSTATIC PRO LIGHTING d.b.a. PRO X d.b.a. PROX d.b.a. PRO X DIRECT d.b.a. PROX DIRECT d.b.a. PRO X CASES d.b.a. PROX CASES; GIBOR USA d.b.a. GIBOR MENA, a business entity of unknown form; PEDRAM MONASHERI a.k.a. PEDRAM GABRIEL MONASHERI a.k.a. MICHAEL MONASHERI,  an individual; SAM MANSHARY, an individual; GABRIEL MENASHE a.k.a. GABI MENASHE a.k.a. GABRIEL MENA a.k.a. GABI MENA a.k.a. GIBOR MENA, an individual, (collectively hereinafter, the "Defendants"), and Does 1 through 10, inclusive, and each of them as follows:

## **INTRODUCTORY ALLEGATIONS**

1.     Plaintiff HSIAO & MONTANO, INC., doing business as ODYSSEY INNOVATIVE DESIGNS (hereinafter, "Plaintiff"), is a corporation organized and operating under the laws of the State of California, and within the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes and thereon alleges that defendant  XSTATIC PRO, INC. d.b.a. XSTATIC PRO LIGHTING d.b.a. PRO X d.b.a. PROX d.b.a. PRO X DIRECT d.b.a. PROX DIRECT d.b.a. PRO X CASES d.b.a. PROX CASES (collectively hereinafter, "Defendant Xstatic") is and at all times relevant was, a corporation organized and existing under the State of New York, and has been doing business within the State of California, including but not limited to promoting and selling its products within the State of California, maintaining more than one dozen authorized dealers in California whom promote and sell its products, and committing intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant Xstatic knows is likely to be suffered in the forum jurisdiction. A true and correct list of Defendant Xstatic's California-based authorized dealers as obtained from its proxdirect.com website is attached hereto and incorporated herein as **Exhibit "1."**

3.     Plaintiff is informed and believes and thereon alleges that defendant GIBOR USA d.b.a. GIBOR MENA (collectively hereinafter, "Defendant Gibor") is a business entity of unknown form that is believed to have offices in Los Angeles, California and the State of New York. Defendant Gibor has committed intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant Gibor knows is likely to be suffered in the forum jurisdiction.

4.     Plaintiff is informed and believes and thereon alleges that defendant Mr. PEDRAM MONASHERI a.k.a. PEDRAM GABRIEL MONASHERI a.k.a. MICHAEL MONASHERI (hereinafter, "Defendant Monasheri"), is and at all times relevant was, an individual residing in the State of New York and/or California, and serves as an owner, shareholder, officer and/or director of Defendant Xstatic and Defendant Gibor, and through said companies conducts business within the State of California and through said companies has committed intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant Monasheri knows is likely to be suffered in the forum jurisdiction.

5.     Plaintiff is informed and believes and thereon alleges that defendant Mr. SAM MANSHARY (hereinafter, "Defendant Manshary"), is and at all times relevant was, an individual residing in the State of New York, and serves as an owner, shareholder, officer and/or director of Defendant Xstatic and Defendant Gibor, and through said companies conducts business within the State of California and through said companies has committed intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendant Manshary knows is likely to be suffered in the forum jurisdiction.

6.     Plaintiff is informed and believes and thereon alleges that defendant Mr. GABRIEL MENASHE a.k.a. GABI MENASHE a.k.a. GABRIEL MENA a.k.a. GABI MENA a.k.a. GIBOR MENA (hereinafter, "Defendant Menashe"), is and at all times relevant, was an individual residing in the State of New York, and serves as a general manager of Defendant Xstatic and an owner, shareholder, officer and/or director of Defendant Gibor, and through said companies conducts business within the State of California and through said companies has committed intentional acts expressly aimed at the forum jurisdiction that have

**COMPLAINT**

1  caused harm to Plaintiff that Defendant Menashe knows is likely to be suffered in the forum
2  jurisdiction.

3       7.      Plaintiff is informed and believes and thereon alleges that Defendant Monasheri
4  and Defendant Gibor maintain a residence or business address in Southern California,
5  specifically at 1520 S. Beford St. (or Bedford St.), Los Angeles, California 90035. Said
6  address is the address provided by Defendant Monasheri and Defendant Gibor in connection
7  with their registration of the domain name www.Gibor.us, a true and correct copy of which
8  is attached hereto and incorporated herein as **Exhibit "2."**

9       8.      Plaintiff is informed and believes and thereon alleges that Defendants individually
10 and/or collectively own and operate the following infringing domain names/websites: odyssey-
11 gear.com, odysseydjgear.com, odysseycustomcases.com, proxdirect.com, and proxcases.com.

12      9.      Plaintiff is ignorant of the true names and capacities of such defendants sued
13 herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious
14 names.  Plaintiff will seek leave of this Court to amend this complaint to allege such true
15 names and capacities of said defendants as soon as they are ascertained.

16      10.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously
17 named defendants is responsible in some manner for the occurrences as herein alleged.
18 Plaintiff's injuries and damages as herein alleged were proximately caused by said defendants'
19 acts.

20      11.     Plaintiff is informed and believes and thereon alleges that at all times mentioned
21 herein, Defendants, including Does 1 through 10, and each of them, were the agents, affiliates,
22 employees, officers, directors, mangers, principals, representatives, servants, alter-egos and/or
23 co-conspirators of each of the remaining defendants, and in doing the things hereinafter
24 alleged were acting within the course, scope, and purpose of said agency, affiliation,
25 employment, representation, service, position, alter-ego relationship and/or conspiracy and
26 with the express and/or implied permission, consent and ratification of each of the remaining
27 defendants.

28

**COMPLAINT**

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action under 15 U.S.C. § 1121; 28 U.S.C. §§ 1338(a) and (b); 28 U.S.C. § 1367; under the Lanham Act of 1946 as amended (15 U.S.C. § 1051 et seq.), together with related claims under California State law, and under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*)

13.     The Court has personal jurisdiction over Defendants and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendants are committing acts of trademark infringement and other wrongdoing in this judicial district, solicit and transact business using infringing marks within this judicial district, have committed intentional acts expressly aimed at the forum jurisdiction that have caused harm to Plaintiff that Defendants know are likely to be suffered in the forum jurisdiction, and/or are otherwise subject to the Court's personal jurisdiction, including, without limitation, one or more Defendants' physical presence and maintenance of an address in the forum jurisdiction.

## FACTUAL BACKGROUND

14.     Since in or about the mid-1990's, Plaintiff has been engaged in the business of selling high quality disc jockey equipment and accessories.

15.     Plaintiff owns and has used the mark "**ODYSSEY**," containing U.S. Registration No. 2,674,302 (hereinafter, the "'302 Mark"), in connection with its products, including but not limited to its disc jockey cases and other music-related cases, since at least November 2000. A copy of the January 14, 2003 Registration Certificate issued by the United States Patent and Trademark Office for the '302 Mark is attached hereto and incorporated herein as **Exhibit "3."**

16.     Plaintiff owns and has used the mark "**ODYSSEY**," containing U.S. Registration No. 2,760,846 (hereinafter, the "'846 Mark"), in connection with its products, including but not limited to its disc jockey cases and other music-related cases, since at least January 1995. A copy of the September 9, 2003 Registration Certificate issued by the United States Patent and Trademark Office for the '846 Mark is attached hereto and incorporated herein as **Exhibit**

1  "4."

2      17.    Plaintiff owns and has used the mark "**ODYSSEY INNOVATIVE DESIGNS**,"

3  containing U.S. Registration No. 2,519,263 (hereinafter, the "'263 Mark"), in connection with

4  its products, including but not limited to its disc jockey cases and other music-related cases,

5  since at least January 1995. A copy of the December 18, 2001 Registration Certificate issued

6  by the United States Patent and Trademark Office for the '263 Mark is attached hereto and

7  incorporated herein as **Exhibit "5."**

8      18.    Plaintiff owns and has used the mark "**ODYSSEYGEAR**," containing U.S.

9  Registration No. 4,570,650 (hereinafter, the "'650 Mark"), in connection with its products,

10  including but not limited to its disc jockey cases and other music-related accessories, since

11  at least October 2000. A copy of the July 22, 2014 Registration Certificate issued by the

12  United States Patent and Trademark Office for the '650 Mark is attached hereto and

13  incorporated herein as **Exhibit "6."**

14      19.    Plaintiff owns and has used the mark "**LSTAND**," containing U.S. Registration

15  No. 4,457,481 (hereinafter, the "'LStand Mark"), in connection with its products, including

16  but not limited to its audio equipment accessories such as stands for stereos, audio speakers,

17  laptops, computer tablets, computer monitors and other accessories, since at least March 16,

18  2006. A copy of the December 31, 2013 Registration Certificate issued by the United States

19  Patent and Trademark Office for the LStand Mark is attached hereto and incorporated herein

20  as **Exhibit "7."**

21      20.    Plaintiff on its own or through its co-owner and president Mr. John Hsiao is the

22  owner and registrant of the domain names odysseygear.com and odysseycases.com, which

23  serve as the primary websites for Plaintiff, as well as related domain names odysseygear.biz,

24  odysseydjcases.com, and numerous other domain names incorporating Plaintiff's marks for

25  "Odyssey" (collectively, the "Odyssey Web Sites") Printouts of registration information

26  pertaining to the odysseygear.com and odysseycases.com domain names, as obtained from

27  registrar Godaddy.com, LLC are collectively attached hereto and incorporated herein as

28  **Exhibit "8."**

**COMPLAINT**

21.     Plaintiff's '302 Mark, '846 Mark, '263 Mark, and '650 Mark are collectively referred to hereinafter as the "Odyssey Marks."

22.     Since at least 1995, Plaintiff has used and widely publicized one or more of its Odyssey Marks in connection with its products, including but not limited to its disc jockey cases and other music-related cases.

23.     Since at least 2006, Plaintiff has used and widely publicized its LStand Mark (including its copyrighted materials in connection therewith) with respect to its products, including but not limited to its audio equipment accessories such as stands.

24.     Plaintiff has expended substantial time, money and efforts in promoting the Odyssey Marks and LStand Mark, which include, but are not limited to marketing and advertising the Odyssey Marks and LStand Mark in connection with Plaintiff's products and services via its Odyssey Web Sites and product catalogs.

25.     Upon information and belief, Plaintiff alleges that purchasers and potential purchasers of its products and services associate the Odyssey Marks, LStand Mark, and Odyssey Web Sites as originating from Plaintiff.

26.     As a result of said association by purchasers and potential purchasers, the Odyssey Marks, LStand Mark, and Odyssey Web Sites represent business property and goodwill owned by Plaintiff.

## DEFENDANTS' BAD ACTS

**A.     DEFENDANTS HAVE MISAPPROPRIATED PLAINTIFF'S ODYSSEY MARKS BY REGISTERING INFRINGING DOMAIN NAMES AND RE-DIRECTING INTERNET USERS ACCESSING SAID DOMAIN NAMES TO DEFENDANT XSTATIC'S COMPETING WEBSITE: PROXDIRECT.COM**

27.     Defendant Xstatic is a direct competitor to Plaintiff and sells many of the same products and accessories as Plaintiff, including but not limited to disc jockey equipment and other music related accessories.

28.     Defendant Xstatic utilizes various websites to promote and advertise its disc

jockey products and other music related accessories, including without limitation proxdirect.com and proxcases.com.

29.     Upon information and belief, Defendant Monasheri represents himself to be the President of Defendant XStatic, Defendant Manshary represents himself to be the Vice President of Defendant Xstatic, and Defendant Menashe represents himself to be the General Manager of Defendant Xstatic.

30.     Defendant Gibor is the organizational registrant affiliated with the registration and administration of Defendant Xstatic's proxdirect.com and proxcases.com domain names, among others. Printouts of registration information pertaining to the proxdirect.com and proxcases.com domain names confirming same, as obtained from registrar Godaddy.com, LLC, are collectively attached hereto and incorporated herein as **Exhibit "9."**

31.     Defendant Menashe is the individual registrant affiliated with the registration and administration of Defendant Xstatic's proxdirect.com and proxcases.com domain names, among others. (See **Exhibit "9."**)

32.     In or about May 2010, Defendant Gibor and Defendant Menashe proceeded with registering the domain names "odyssey-gear.com" and  "odysseydjgear.com," which incorporate Plaintiff's Odyssey Marks (particularly its '650 Mark for **"ODYSSEYGEAR"**) and furthermore are nearly identical to Plaintiff's "odysseygear.com" domain name which is affiliated with one of Plaintiff's primary websites. It is also nearly identical to one of Plaintiff's other registered domain names: "odysseygear.biz." Printouts of the registration information pertaining to odyssey-gear.com and odysseydjgear.com, as obtained from registrar Godaddy.com, LLC, are collectively attached hereto and incorporated herein as **Exhibit "10."**

33.     In or about May 2010, Defendant Gibor and Defendant Menashe proceeded with registering the domain name "odysseycustomcases.com," which incorporates Plaintiff's Odyssey Marks and further is nearly identical to Plaintiff's "odysseycases.com" domain name which is affiliated with one of Plaintiff's primary websites. It is also nearly identical to two of Plaintiff's other registered domain names: "odysseycases.net" and "odysseydjcases.com." A printout of the registration information pertaining to odysseycustomcases.com, as obtained

1  from registrar Godaddy.com, LLC, is attached hereto and incorporated herein as **Exhibit**
2  **"11."**

3      34.    There is no plausible or justifiable reason why Defendant Gibor and Defendant
4  Menashe would register domain names nearly identical to those of Plaintiff's, other than to
5  improperly benefit from the goodwill Plaintiff has achieved in its Odyssey Marks.

6      35.    Unbeknownst to Plaintiff until approximately mid-2014, Plaintiff discovered that
7  Defendants had surreptitiously taken steps to re-direct the individual Internet users/web
8  browsers attempting to access "odyssey-gear.com", "odysseydjgear.com", and
9  "odysseycustomcases.com", to Defendants' competing website: "proxdirect.com". As a
10 representative example, a true and correct printout confirming said re-direction of
11 "odysseydjgear.com", as obtained from the Internet Archive (web.archive.org) on June 30,
12 2014, is attached hereto and incorporated herein as **Exhibit "12."**

13     36.    Such actions are a deliberate and blatant attempt to re-direct existing and
14 potential customers of Plaintiff to Defendants' competing website: "proxdirect.com".

15     37.    Said acts are further confusing Plaintiff's existing and/or potential customers in
16 light of the fact that Plaintiff is the owner/registrant of nearly identical domain names:
17 "odysseygear.com" and "odysseycases.com" and multiple other domain names and websites
18 incorporating the Odyssey Marks, and Plaintiff uses said websites to promote its Odyssey
19 Marks.

20     38.    At no point have Defendants notified or sought consent or authorization from
21 Plaintiff to register the "odyssey-gear", "odysseydjgear.com", or "odysseycustomcases.com"
22 domain names and/or re-direct Internet users/web browsers attempting to access said domain
23 names to Defendants' competing website: "proxdirect.com," which acts constitute
24 infringement of Plaintiff's Odyssey Marks.

25 / / /

26

27 / / /

28

- 9 -
**COMPLAINT**

**B.**     **DEFENDANTS HAVE MISAPPROPRIATED PLAINTIFF'S "LSTAND" TRADEMARK AND RELATED COPYRIGHTED MATERIALS IN CONNECTION WITH PLAINTIFF'S "LSTAND" PRODUCTS**

39.    Plaintiff's LStand Mark is used in connection with its products, including but not limited to its audio equipment accessories such as stands for stereos, audio speakers, laptops, computer tablets, computer monitors and other accessories, since at least March 16, 2006. (See **Exhibit "7."**)

40.    Selective examples of Plaintiff's usages of its LStand Mark and related copyrighted materials including without limitation Plaintiff's "LStand" product descriptions and specifications from its 2007 Product Catalog as well as from its "odysseygear.com" website from 2011 to 2014, are attached hereto and incorporated herein as **Exhibits "13-14,"** respectively.

41.    Defendants, in turn, have created and marketed an identical "LStand" line of products that not only infringe on Plaintiff's LStand Mark, but incorporate Plaintiff's exact product description and specifications misappropriated from Plaintiff's marketing materials, incorporate identical product images and captions misappropriated from Plaintiff's marketing materials, and also incorporate Plaintiff's identical UPC Code. Selective excerpts from Defendants' proxcases.com website are collectively attached hereto and incorporated herein as **Exhibit "15."**

42.    Referencing **Exhibit "13,"** pg. 2 (Excerpt from Plaintiff's 2007 Product Catalog), Plaintiff's LStand product images and descriptions have been copyrighted since at least 2007 (collectively referred to hereinafter as the "Copyrighted Information"). Similar examples of the Copyrighted Information are set forth in **Exhibit "14"** (Excerpts from Plaintiff's odysseygear.com website from 2011-2014).

43.    Cross-referencing **Exhibits "13-14"** with **Exhibit "15"** (Excerpts from Defendants' proxcases.com website), specifically pg. 1 and pg. 5, Defendants' have copied Plaintiff's LStand product description verbatim or near verbatim.

44.     Cross-referencing **Exhibits "13-14"** with **Exhibit "15"** (Excerpts from Defendants' proxcases.com website), specifically pgs. 3-4,  Defendants' have also copied Plaintiff's LStand product images containing Plaintiff's trademarked products in connection with the sales/promotion/marketing of Defendants' competing products.

45.     Specifically, in selling and promoting their products, Defendants, in whole or nearly whole, have copied the following from Plaintiff's LStand product description:

The Original LSTAND - The most versatile laptop stand on the market! Our unique design allows for three basic configurations: table top, clamped to a table, or clamped to the wall of a case or other sturdy vertical structure. Set it low for a minimal clearance of 6.75" or set it up to 11.5" high. The 10.75" long support arms hold gear with a width of 9" or greater.

Laptop stand can be assembled in 3 different configurations:

(1) Attach to the case

(2) Attach to the table

(3) Stand alone

Minimum Adjustable Width: 10.5"

Maximum Adjustable Width: 13.5"

Minimum Adjustable Heights:

9.5" (back)/6.75" (front)

Maximum Adjustable Heights:

14.5"(back)/11.5"(front)

The Original LStand is adjustable to 4 heights and by adding the included extensions, and can be extended to fit that extra wide 17" laptop or other gear.

- 11 -
**COMPLAINT**

46.     Defendants are thus distributing, marketing and using documentation that is identical to the Copyrighted Information and have knowingly and intentionally copied the Copyrighted Information and have knowingly and intentionally used, marketed and distributed the Copyrighted Information in furtherance of their business.

47.     Plaintiff did not give permission to or otherwise authorize Defendants to utilize Plaintiff's LStand Mark or Copyrighted Information.

48.     Defendants have engaged in such copying knowing that they do not have the legal right to do so and in complete disregard of Plaintiff's rights.

# COUNT I

# VIOLATION OF THE LANHAM ACT-FEDERAL

# TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

# (AGAINST ALL DEFENDANTS AND DOES 1-10)

49.     Plaintiff repeats and realleges paragraphs 1 through 48 of the claim herein and incorporates the same by reference as though fully set forth herein.

## A.  RE: PLAINTIFF'S ODYSSEY MARKS

50.     Since at least 1995, Plaintiff has used and widely publicized its Odyssey Marks in connection with its products, including but not limited to its disc jockey cases and other music-related cases.

51.     Plaintiff's Odyssey Marks are nationally recognized as being affixed to goods of the highest quality and as originating from Plaintiff.

52.     In or about May 2010, Defendant Gibor and Defendant Menashe surreptitiously registered the domain names "odyssey-gear.com", "odysseydjgear.com," and "odysseycustomcases.com", all of which incorporate Plaintiff's Odyssey Marks and are nearly identical to Plaintiff's previously existing and registered domain names such as "odysseygear.com" and "odysseycases.com" (among others), which are affiliated with Plaintiff's primary websites.

53.     Unbeknownst to Plaintiff until approximately mid-2014, Plaintiff discovered that Defendants had surreptitiously taken steps to re-direct the individual Internet users/web browsers attempting to access "odyssey-gear.com", "odysseydjgear.com", and "odysseycustomcases.com", and re-directing them to Defendants' competing website: "proxdirect.com".

54.     Defendants' unauthorized usages of Plaintiff's Odyssey Marks are likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendants' products and services with those of Plaintiff.

55.     Said confusion, deception and/or mistake includes, without limitation, confusion, deception and/or mistake as to any affiliation Defendants' products, domain names, and websites have with Plaintiff's products, domain names/websites.

56.     Defendants' unauthorized use of Plaintiff's Odyssey Marks are in total disregard of Plaintiff's right to control its own trademarks.

57.     There is no plausible or justifiable reason why Defendants would commit such acts other than to improperly benefit from the goodwill Plaintiff has achieved in its Odyssey Marks.

58.     Defendants' acts are deliberate and intended to confuse and deceive the public as to the source, origin and identity of Defendants' goods and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its Odyssey Marks, and to divert sales away from Plaintiff. Defendants' actions thus constitute willful infringement of Plaintiff's Odyssey Marks.

59.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement of Plaintiff's Odyssey Marks under 15 U.S.C. § 1114.

60.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's Odyssey Marks.

61.     Plaintiff has no adequate remedy at law and unless enjoined by the Court, Defendants shall continue to do the acts complained of herein and cause irreparable damage

**COMPLAINT**

1  and injury to Plaintiff.

2      62.    Plaintiff has been damaged by Defendants' acts in an amount currently unknown
3  and to be determined at trial; notwithstanding, in light of the foregoing, Plaintiff is entitled
4  to injunctive relief prohibiting Defendants from using Plaintiff's Odyssey Marks for any
5  purpose, and to recover from Defendants all damages that Plaintiff has sustained and will
6  sustain as a result of such infringing acts; all of Defendants' ill-gotten proceeds including a
7  disgorgement of its profits, all the costs of this action pursuant to 15 U.S.C. §1117(a);
8  attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages
9  pursuant to 15 U.S.C. §1117(c-d).

10     63.    In doing the acts hereinabove alleged, Defendants acted with oppression, fraud
11  and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled
12  to punitive damages according to proof at trial.

13

14  **B.  RE: PLAINTIFF'S LSTAND MARK**

15     64.    Plaintiff's LStand Mark is used in connection with its products, including but
16  not limited to its audio equipment accessories such as stands for stereos, audio speakers,
17  laptops, computer tablets, computer monitors and other accessories, since at least March 16,
18  2006.

19     65.    Plaintiff's LStand Mark is nationally recognized as being affixed to goods of the
20  highest quality and as originating from Plaintiff.

21     66.    Selective examples of Plaintiff's usages of its LStand Mark including without
22  limitation in regards to Plaintiff's "LStand" product line and product descriptions from its
23  2007 Product Catalog as well as from its "odysseygear.com" website from 2011 to 2014, are
24  attached hereto and incorporated herein as **Exhibits "13-14,"** respectively.

25     67.    Defendants have created and marketed an identical "LStand" line of products
26  that infringe on Plaintiff's LStand Mark and incorporate Plaintiff's exact product description
27  and specifications misappropriated from Plaintiff's promotional/marketing materials.

28     68.    Defendants' unauthorized usages of Plaintiff's LStand Mark are likely to cause

**COMPLAINT**

confusion, mistake or deception as to the source, affiliation, connection or association of Defendants' products with those of Plaintiff.

69.     Defendants' unauthorized use of Plaintiff's LStand Mark is in total disregard of Plaintiff's right to control its own trademarks.

70.     There is no plausible or justifiable reason why Defendants would commit such acts other than to improperly benefit from the goodwill Plaintiff has achieved in its LStand Mark.

71.     Defendants' acts are deliberate and intended to confuse and deceive the public as to the source, origin and identity of Defendants' goods and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its LStand Mark, and to divert sales away from Plaintiff. Defendants' actions thus constitute willful infringement of Plaintiff's LStand Mark.

72.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement of Plaintiff's LStand Mark under 15 U.S.C. § 1114.

73.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's LStand Mark.

74.     Plaintiff has no adequate remedy at law and unless enjoined by the Court, Defendants shall continue to do the acts complained of herein and cause irreparable damage and injury to Plaintiff.

75.     Plaintiff has been damaged by Defendants' acts in an amount currently unknown and to be determined at trial; notwithstanding, in light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's LStand Mark  for any purpose, and to recover from Defendants all damages that Plaintiff has sustained and will sustain as a result of such infringing acts; all of Defendants' ill-gotten proceeds including a disgorgement of its profits, all the costs of this action pursuant to 15 U.S.C. §1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c-d).

76.     In doing the acts hereinabove alleged, Defendants acted with oppression, fraud

- 15 -
**COMPLAINT**

1  and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled
2  to punitive damages according to proof at trial.

3

4                                      **COUNT II**

5          **FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**

6                  **(AGAINST ALL DEFENDANTS AND DOES 1-10)**

7          77.    Plaintiff repeats and realleges paragraphs 1 through 76 of the claim herein and
8  incorporates the same by reference as though fully set forth herein.

9

10         **RE: ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

11         78.    Defendants are violating Lanham Act § 43(a), 15 U.S.C. § 1125(d) (i.e., the
12  Anticybersquatting Consumer Protection Act) by registering, trafficking in or otherwise using
13  the   following   domain   names   odyssey-gear.com,   odysseydjgear.com,
14  odysseycustomcases.com, and re-directing them to Defendants' competing website(s).

15         79.    At no point before have Defendants notified or sought consent or authorization
16  from   Plaintiff   to   register   the   odyssey-gear.com,   odysseydjgear.com,   and
17  odysseycustomcases.com domain names and/or re-direct them to Defendants' website(s)
18  and/or use or incorporate Plaintiff's Odyssey Marks in any capacity.

19         80.    Upon information and belief, at the time of Defendants' registration of said
20  domain names, Defendants were aware of Plaintiff's Odyssey Marks and that said domain
21  names are identical or confusingly similar to Plaintiff's Odyssey Marks.

22         81.    Upon information and belief, Defendants have employed a bad faith intent to
23  profit from its conduct including without limitation offering to sell for profit one or more of
24  the   infringing   domain   names:   odyssey-gear.com,   odysseydjgear.com,   and
25  odysseycustomcases.com.

26

27         **RE: UNFAIR COMPETITION**

28         82.    Plaintiff has acquired exclusive and protectable rights in its Odyssey Marks and

**COMPLAINT**

LStand Mark. By the acts set forth above, Defendants are violating Lanham Act § 43(a), 15 U.S.C. § 1125(a-d) and are unfairly competing with Plaintiff.

83.    Such conduct indicates Defendants' intention to create a false impression of a relationship or association between Plaintiff, Plaintiff's Odyssey/LStand Marks and Defendants and/or their respective goods and services.

84.    These acts of unfair competition by Defendants fall within the meaning of Title 15 of the United States Code, Section 1125(a-d), as well as other provisions of the United States Code, and were done to divert and secure to Defendants the profits arising from Plaintiff's goodwill and have damaged Plaintiff in an amount to be determined at trial but no less than that provided for in 15 U.S.C. §§1114 and 1117, particularly 1117(c-d), exclusive of pre-judgment interest and costs.

85.    In doing the acts hereinabove alleged, Defendants acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

## COUNT III

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125
### (AGAINST ALL DEFENDANTS AND DOES 1-10)

86.    Plaintiff repeats and realleges paragraphs 1 through 85 of the claim herein and incorporates the same by reference as though fully set forth herein.

87.    Defendants' unauthorized usages of Plaintiff's Odyssey Marks and LStand Mark are likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendants' products and services with those of Plaintiff, leading to Plaintiff's irreparable injury.

88.    Defendants' unauthorized use of Plaintiff's Odyssey Marks and LStand Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff, or come from the same source as Plaintiff's

- 17 -
**COMPLAINT**

goods, or are of the same quality as that assured by Plaintiff's respective Odyssey Marks and LStand Mark.

89.    Said actions constitute a violation of 15 U.S.C. § 1125(a).

90.    As a direct and proximate result of Defendants' wrongful conduct as hereinabove alleged, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

91.    In doing the acts hereinabove alleged, Defendants acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

### COUNT IV

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 106 AND 501
### (AGAINST ALL DEFENDANTS AND DOES 1-10)

92.    Plaintiff repeats and realleges paragraphs 1 through 91 of the claim herein and incorporates the same by reference as though fully set forth herein.

93.    Plaintiff's LStand Mark is used in connection with its products, including but not limited to its audio equipment accessories such as stands for stereos, audio speakers, laptops, computer tablets, computer monitors and other accessories, since at least March 16, 2006. (See **Exhibit "7."**)

94.    Selective examples of Plaintiff's copyrighted materials including without limitation Plaintiff's "LStand" product descriptions and specifications from its 2007 Product Catalog as well as from its "odysseygear.com" website from 2011 to 2014, are attached hereto and incorporated herein as **Exhibits "13-14,"** respectively.

95.    Defendants have misappropriated Plaintiff's exact product description and specifications from Plaintiff's promotional/marketing materials, incorporated identical product images and captions obtained from Plaintiff's promotional/marketing materials, and also incorporated Plaintiff's identical UPC Code in connection with the sale of its LStand line of products. Selective excerpts from Defendants' proxcases.com website are collectively

- 18 -
**COMPLAINT**

attached hereto and incorporated herein as **Exhibit "15."**

96.    Referencing **Exhibit "13,"** pg. 2 (Excerpt from Plaintiff's 2007 Product Catalog), Plaintiff's LStand product images and descriptions have been copyrighted since at least 2007 (collectively referred to hereinafter as the "Copyrighted Information"). Similar examples of the Copyrighted Information are set forth in **Exhibit "14"** (Excerpts from Plaintiff's odysseygear.com website from 2011-2014).

97.    Cross-referencing **Exhibits "13-14"** with **Exhibit "15"** (Excerpts from Defendants' proxcases.com website), specifically pg. 1 and pg. 5,  Defendants' have copied Plaintiff's LStand product description verbatim or near verbatim.

98.    Cross-referencing **Exhibits "13-14"** with **Exhibit "15"** (Excerpts from Defendants' proxcases.com website), specifically pgs. 3-4,   Defendants' have copied Plaintiff's LStand product images containing Plaintiff's trademarked products in connection with the sales/promotion/marketing of their own competing products.

99.    Specifically, in selling and promoting their products, Defendants, in whole or nearly whole, have copied the following from Plaintiff's LStand product description:

> The Original LSTAND - The most versatile laptop stand on the market! Our unique design allows for three basic configurations: table top, clamped to a table, or clamped to the wall of a case or other sturdy vertical structure. Set it low for a minimal clearance of 6.75" or set it up to 11.5" high. The 10.75" long support arms hold gear with a width of 9" or greater.
>
> Laptop stand can be assembled in 3 different configurations:
> (1) Attach to the case
> (2) Attach to the table
> (3) Stand alone
> Minimum Adjustable Width: 10.5"
> Maximum Adjustable Width: 13.5"

- 19 -
**COMPLAINT**

Minimum Adjustable Heights:

9.5" (back)/6.75" (front)

Maximum Adjustable Heights:

14.5"(back)/11.5"(front)

The Original LStand is adjustable to 4 heights and by adding the included extensions, and can be extended to fit that extra wide 17" laptop or other gear.

100.   Defendants are distributing, marketing and using documentation that is identical to the Copyrighted Information. Defendants have knowingly and intentionally copied the Copyrighted Information and have knowingly and intentionally used, marketed and distributed the Copyrighted Information in furtherance of their business.

101.   Plaintiff did not give permission to or otherwise authorize Defendants to utilize Plaintiff's Copyrighted Information.

102.   Defendants engaged in such copying knowing that they did not have the legal right to do so and in complete disregard of Plaintiff's rights.

103.   Defendants' acts constitute copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

104.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief to prevent further damage to it and to prohibit Defendants from committing further violations of the Copyright Act.

105.   Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to an award of monetary damages resulting from Defendants' infringement of the Copyrighted Information.

106.   Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to disgorgement of all profits received by Defendants from use of the Copyrighted Information.

107.   As a result of Defendants' infringing activities, Plaintiff has suffered damages to its business and reputation in an amount to be established at trial.

108.   In doing the acts hereinabove alleged, Defendants acted with oppression, fraud

**COMPLAINT**

and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

**COUNT V**

**UNFAIR COMPETITION PURSUANT TO CALIFORNIA**

**BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS AND DOES 1-10)**

109.   Plaintiff repeats and realleges paragraphs 1 through 108 of the claim herein and incorporates the same by reference as though fully set forth herein.

110.   Defendants have engaged in unlawful, unfair and/or fraudulent business practices while engaging in competition with Plaintiff in violation of the laws of the State of California under California Business & Professions Code § 17200 *et seq.*

111.   Upon information and belief, Plaintiff alleges that Defendants profited and continue to profit from these unfair business practices and thus, were and continue to be unjustly enriched.

112.   Defendants' illegal, unlawful, fraudulent and/or unfair acts have irreparably injured Plaintiff in a manner not fully compensable through an award of money damages, and this irreparable injury will continue unless and until enjoined by the Court.

113.   As a direct and proximate result of Defendants' wrongful conduct as hereinabove alleged, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

114.   Plaintiff is entitled to recover such additional damages and/or penalties, costs and attorneys' fees as authorized by CA Business & Professions Code § 17200 *et seq.*

115.   In doing the acts hereinabove alleged, Defendants acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.

- 21 -
**COMPLAINT**

**COUNT VI**

**TRADEMARK INFRINGEMENT UNDER COMMON LAW**

**(AGAINST ALL DEFENDANTS AND DOES 1-10)**

116.    Plaintiff repeats and realleges paragraphs 1 through 115 of the complaint herein and incorporates the same by reference as though fully set forth herein.

117.    Plaintiff owns and enjoys common law rights in California and throughout the United States in and to its Odyssey Marks and LStand Mark in association with its disc jockey products and related accessories.

118.    The aforesaid acts of Defendants constitute infringement of Plaintiff's Odyssey Marks and LStand Mark.

119.    The aforesaid acts of Defendants were and have been willful, and have caused and will continue to cause great and irreparable injury to Plaintiff and, unless such acts are restrained by this Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

120.    As a direct and proximate result of Defendants' wrongful conduct as hereinabove alleged, Plaintiff has been damaged in an amount to be determined at trial, including pre-judgment interest and costs.

121.    In doing the acts hereinabove alleged, Defendants acted with oppression, fraud and malice, without any justification or privilege whatsoever such that Plaintiff is also entitled to punitive damages according to proof at trial.


WHEREFORE, Plaintiff requests a jury trial and prays for the following judgment against Defendants on its Complaint:


**AS TO CLAIMS 1-3, AND 5-6**

1.    That this case is an exceptional case and that Defendants' acts of trademark infringement were made in bad faith;

- 22 -

**COMPLAINT**

2.     That the Court issue an injunction enjoining and restraining Defendants from infringing Plaintiff's Odyssey Marks and LStand Mark;

3.      That the Court issue an injunction enjoining and restraining Defendants from committing acts of unfair competition and acts constituting a false designation of origin;

4.     That the Court adjudge that Defendants have violated 15 U.S.C. § 1125(d) (i.e., the Anticybersquatting Consumer Protection Act);

5.     That the Court issue an order requiring the Internet Corporation for Assigned Names and Numbers "ICANN" and/or the registry and/or the registry operator of the following domain names to transfer the following domain name registrations and any other similar registrations by Defendants that incorporate Plaintiff's Odyssey Marks (and/or LStand Mark) to Plaintiff: "odyssey-gear.com", "odysseydjgear.com", and "odysseycustomcases.com";

6.     That in parallel the Court issue an order requiring Defendants to transfer the aforesaid domain name registrations to Plaintiff and refrain in the future from registering domain names that incorporate any of Plaintiff's Odyssey Marks and/or LStand Mark;

7.     That Plaintiff recover compensatory, general and special damages in a sum according to proof at the time of trial;

8.     That Plaintiff be awarded punitive and exemplary damages for Defendants' willful infringement of Plaintiff's Odyssey Marks and LStand Mark and other unfair competition conduct;

9.     That Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c-d);

10.    That Plaintiff be awarded Defendants' ill-gotten proceeds including a disgorgement of its profits;

11.    That Plaintiff be awarded pre-judgment interest, costs of suit and attorney's fees incurred herein; and

12.    That the Court issue such other and further relief as the Court may deem just and proper.

J:\Odyssey.862\Pro X Cases\Pleadings\Complaint (e).wpd

**AS TO CLAIM 4**

13.     That pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief to prevent further damage to it and to prohibit Defendants from committing further violations of the Copyright Act;

14.     That pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to an award of actual damages resulting from Defendants' infringement of the Copyrighted Information and/or statutory damages pursuant to 17 U.S.C. §504(c);

15.     That pursuant to 17 U.S.C. § 504, Plaintiff is entitled to disgorgement of all profits received by Defendants from use of the Copyrighted Information including without limitation all profits from sales of its LStand line of products;

16.     That Plaintiff recover compensatory, general and special damages in a sum according to proof at the time of trial;

17.     That Plaintiff be awarded punitive and exemplary damages for Defendants' willful infringement of the Copyrighted Information;

18.     That pursuant to 17 U.S.C. § 505,  Plaintiff be awarded pre-judgment interest, costs of suit and attorney's fees incurred herein; and

19.     That the Court issue such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHARLES C.H. WU & ASSOC., APC

Dated: August 8, 2014              By:   /s/ Charles C.H. Wu
                                            Charles C.H. Wu
                                            Vikram M. Reddy
                                            Attorneys for Plaintiff
                                            Hsiao & Montano, Inc. dba
                                            Odyssey Innovative Designs

**COMPLAINT**